UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

L. YVONNE BROWN,

    Plaintiff,

v.                                Case No: 2:19-cv-739-FtM-29MRM

FORT MYERS REEF
ACQUISITIONS, LLC, COASTAL
RIDGE MANAGEMENT, LLC, STACY
HESS, individually and in
official capacity, and
CARMINE MARCENO,
individually and in official
capacity,

    Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Application for Temporary Restraining Order (Doc. #3) filed on October 10, 2019. For the reasons set forth below, plaintiff's request for a temporary restraining order is denied.

**I.**

On October 10, 2019, plaintiff L. Yvonne Brown (Plaintiff) filed a Complaint against defendants Fort Myers Reef Acquisitions, LLC, Coastal Ridge Management, LLC, Stacy Hess, and Carmine Marceno. The Complaint asserts claims against defendants for "violation of the lease agreement," violation of the Fair Housing Act, "violation of [] constitutional rights," "discrimination,"

"pain and suffering," "harassment," and injunctive relief. (Doc. #1, pp. 12-18.)

The Complaint alleges that defendants have "wrongfully attempt[ed] to evict [] Plaintiff from her current housing lease agreement" at The Reef Apartments located in Estero, Florida. (Id. p. 1.) The Complaint further asserts that "[o]n June 27, 2019, The Reef filed an eviction suit against" Plaintiff in the County Court of the Twentieth Judicial Circuit in and for Lee County Florida, and on September 27, 2019, the state trial court entered final judgment in favor of The Reef Apartments and against Plaintiff. (Id. ¶¶ 8, 40.) Also on September 27, 2019, the state trial court "den[ied] the majority of the motions" that Plaintiff filed (as a defendant) in the state eviction suit. (Id. ¶ 39.)

Plaintiff filed the instant Application for Temporary Restraining Order on October 10, 2019. Plaintiff seeks a temporary restraining order "immediately restraining The Reef from executing[] a writ of possession against [Plaintiff] on October 10, 2019, or any day thereafter." (Doc. #3, ¶ 31.) Plaintiff argues she is entitled to a temporary restraining order because (1) the state eviction lawsuit was "unlawful" and "not proper[ly] before the [t]rial [c]ourt," since defendants failed to comply with Fla. Stat. § 83.56(5)(a); (2) the state trial court's Final Judgment is "moot" and "wholly void" because it related to an expired apartment rental lease, and not a new lease that Plaintiff

entered into after defendants initiated the eviction proceedings; and (3) the state trial court violated Plaintiff's due process rights when it "failed to serve [] Plaintiff with it's 'Order Denying Defendant's Pro Se Motion'" and Final Judgment. (Id. ¶ 25, 27, 28.)

**II.**

To be entitled to a temporary restraining order, a movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005)(citation omitted). Plaintiff, however, has entirely failed to address whether, and why, she is substantially likely to succeed on the merits. This deficiency thus warrants denial of Plaintiff's request for a temporary restraining order. See Pittman v. Cole, 267 F.3d 1269, 1292 (11th Cir. 2001)("[W]hen a plaintiff fails to establish a substantial likelihood of success on the merits, a court does not need to even consider the remaining three prerequisites of a preliminary injunction [or temporary restraining order]." (citations omitted)).

In addition, the Court lacks subject matter jurisdiction over Plaintiff's claims that the eviction action was "not proper[ly]

before" the state trial court and that the state trial court's Final Judgment is "moot" and "wholly void." (Doc. #3, ¶ 25, 27.) Plaintiff's claim is premised on the notion that the state trial court erred in entering its Final Judgment against Plaintiff. The Court, however, lacks subject matter jurisdiction over such a claim under the Rooker-Feldman[1] doctrine. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001).

The Rooker-Feldman doctrine provides that a district court "cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009)(citation omitted). Thus, under this doctrine, a district court lacks subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Here, Plaintiff moves the Court to essentially overturn the state trial court's ruling and to vacate its Final Judgment. Under the Rooker-Feldman doctrine, however, the Court lacks jurisdiction to review the state trial court's Final Judgment. Id. Such a

---

[1] Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

task "is reserved for [Florida's] state appellate courts . . . ." Casale, 558 F.3d at 1260.

Finally, as to Plaintiff's due process claim, Plaintiff asserts the state trial court violated her due process rights because it "failed to serve [] Plaintiff with it's 'Order Denying Defendant's Pro Se Motion'" and Final Judgment. (Doc. #3, ¶ 28.) Plaintiff contends the state trial court failed to serve these documents on Plaintiff because she never received these filings in the mail and never enrolled in the "Lee County e-file system." (Id.) To the extent "Plaintiff was served via email via the Lee County e-file system," Plaintiff asserts "such Final Notice was never received by [] Plaintiff." (Id. ¶ 29.)

Although Plaintiff contends the state trial court's Final Judgment did not specify "how the Plaintiff was served with the Trial Court's Final Judgment," (id.) the Final Judgment attached to Plaintiff's instant motion clearly states copies were furnished to: "LIBERTY BROWN, 10121 Shephard Street, #5303-C, Fort Myers, Florida 33967, PO Box 3473, Cedar Hill, Texas 75106, lybrown3083@eagle.fgcu.edu". (Doc. #3-7, p. 2.) In addition, Plaintiff's request that the Court render the state trial court's Final Judgment void "until such time [that] Plaintiff is served with the Trial Court's Final Judgment" (Doc. #3, ¶ 29) appears to be moot, given that Plaintiff has attached a copy of the Final Judgment to the instant motion. (Doc. #3-7.) Further, the Court

is aware of no legal authority – and Plaintiff cites to none – establishing that a litigant's due process rights are violated when a trial court emails (as opposed to mails) the litigant a copy of its final judgment.[2]

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Application for Temporary Restraining Order (Doc. #3) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___15th___ day of October, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties and Counsel of Record

---

[2] To the extent Plaintiff alleges the trial court violated her due process rights by entering final judgment against her without ruling on her pending motions, Plaintiff fails to detail the content of those motions and fails to explain – let alone establish – how those state trial court actions implicate due process.