UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

L. YVONNE BROWN,

    Plaintiff,

v.                                        Case No: 2:19-cv-739-FtM-29MRM

FORT MYERS REEF
ACQUISITIONS, LLC, COASTAL
RIDGE MANAGEMENT, LLC, STACY
HESS, individually and in
official capacity, and
CARMINE MARCENO,
individually and in official
capacity,

    Defendants.

## **OPINION AND ORDER**

This matter comes before the Court on plaintiff's Second Application for Temporary Restraining Order (Doc. #8) filed on November 6, 2019. For the reasons set forth below, plaintiff's request for a temporary restraining order is denied.

**I.**

On October 10, 2019, plaintiff L. Yvonne Brown (Plaintiff) filed a Complaint against defendants Fort Myers Reef Acquisitions, LLC, Coastal Ridge Management, LLC, Stacy Hess, and Carmine Marceno. The Complaint asserts claims against defendants for "violation of the lease agreement," violation of the Fair Housing Act, "violation of [] constitutional rights," "discrimination,"

"pain and suffering," "harassment," and injunctive relief. (Doc. #1, pp. 12-18.)

The Complaint alleges that defendants have "wrongfully attempt[ed] to evict [] Plaintiff from her current housing lease agreement" at The Reef Apartments located in Estero, Florida. (Id. p. 1.) The Complaint further asserts that "[o]n June 27, 2019, The Reef filed an eviction suit against" Plaintiff in the County Court of the Twentieth Judicial Circuit in and for Lee County Florida, and on September 27, 2019, the state trial court entered final judgment in favor of The Reef Apartments and against Plaintiff. (Id. ¶¶ 8, 40.) On October 10, 2019, Plaintiff filed a motion for a temporary restraining order (Doc. #3), requesting that the Court render the state trial court's Final Judgment in the eviction suit "moot" and "wholly void." (Doc. #3, ¶¶ 25, 27.) The Court denied Plaintiff's request because it lacks subject matter jurisdiction over such a claim under the Rooker-Feldman[1] doctrine. (Doc. #7, pp. 3-6.)

In the instant motion for a temporary restraining order, Plaintiff moves the Court to stay the state trial court's Order to Issue Second Writ of Possession. Plaintiff asserts that after the Lee County Sheriff's Office executed the writ of possession and Plaintiff "was locked out of her apartment," Plaintiff's

---

[1] Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

belongings were stolen because The Reef Apartments' "property management . . . told [Plaintiff's roommates] that all of [Plaintiff's] personal belongings were 'trash' and that they could rummage through it and take whatever they wanted." (Doc. #8, ¶¶ 11, 19.)  Plaintiff contends that, under Florida law, she is entitled to "at least twenty four [sic] hours to . . . remove [her] belongings from her apartment," and that she has not been afforded that opportunity because her belongings were stolen and her roommates are "in the process of locating[] and returning[]" those belongings to Plaintiff.  Thus, Plaintiff contends, she is entitled to a temporary restraining order because (1) she is unable to remove her belongings from her apartment until such belongings are returned to her; and (2) The Reef Apartments' property management had "no lawful right" to remove her possessions from her apartment. (Doc. #8, ¶ 24.)

**II.**

To be entitled to a temporary restraining order, a movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005)(citation omitted).  Like the previous motion for a temporary

restraining order, Plaintiff has entirely failed to address whether, and why, she is substantially likely to succeed on the merits. This deficiency thus warrants denial of Plaintiff's request for a temporary restraining order. See Pittman v. Cole, 267 F.3d 1269, 1292 (11th Cir. 2001)("[W]hen a plaintiff fails to establish a substantial likelihood of success on the merits, a court does not need to even consider the remaining three prerequisites of a preliminary injunction [or temporary restraining order]." (citations omitted)).

In addition, the Court is aware of no legal basis – and Plaintiff cites to none – establishing that the Court has the authority to stay the state trial court's order for the reasons asserted by Plaintiff. To the extent Plaintiff argues the state trial court erred in entering its order and moves the Court to reverse that ruling, the Court lacks subject matter jurisdiction to review the state court's ruling under the Rooker-Feldman doctrine, as noted in the Court's previous Opinion and Order (Doc. #7, pp. 3-6). Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)(Under the Rooker-Feldman doctrine, a district court "cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court."). Plaintiff's request for a temporary restraining order is therefore denied.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Second Application for Temporary Restraining Order (Doc. #8) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this \_\_8th\_\_ day of November, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties and Counsel of Record