UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

L. YVONNE BROWN,

    Plaintiff,

v.   Case No: 2:19-cv-739-FtM-29MRM

FORT MYERS REEF ACQUISITIONS, LLC, COASTAL RIDGE MANAGEMENT, LLC, STACY HESS, individually and in official capacity, and CARMINE MARCENO, individually and in official capacity,

    Defendants.

## **ORDER**

This matter comes before the Court on plaintiff's Third Application for Temporary Restraining Order (Doc. #13) filed on February 27, 2020. For the reasons set forth below, plaintiff's request for a temporary restraining order is denied.

**I.**

Plaintiff filed a First Amended Original Complaint (Doc. #12) (Amended Complaint) on February 27, 2020. The Amended Complaint asserts claims against defendants for breach of contract, violation of the Fair Housing Act, "violation of [] constitutional rights," "discrimination," "pain and suffering," "harassment," and injunctive relief. (Doc. #12, pp. 11-18.)

Plaintiff alleges that defendant Fort Myers Reef Acquisitions, LLC (The Reef) wrongfully evicted her from her apartment at the Reef Apartments in Estero, Florida. Plaintiff asserts that "[o]n June 27, 2019, The Reef filed a false eviction proceeding against [plaintiff]" in the County Court of the Twentieth Judicial Circuit in and for Lee County Florida, and the state trial court entered an order granting possession of the apartment to The Reef on September 27, 2019. (Doc. #12, ¶¶ 8, 30.) Plaintiff contends that the state trial court's order is "void, invalid, unenforceable, and improper" because The Reef's eviction lawsuit related to an expired lease agreement, and not her current lease agreement. (Id. ¶ 9.)

Plaintiff filed two previous requests for a temporary restraining order (Docs. ##3, 8) on October 10, 2019 and November 6, 2019. In them, Plaintiff moved the Court to find the state trial court's eviction order "moot" and "wholly void" because that order did not relate to plaintiff's current lease agreement. (Doc. #3, p. 6; Doc. #8, p. 1.) The Court denied plaintiff's motions because it lacked subject matter jurisdiction over such a request under the Rooker-Feldman[1] doctrine. (Docs. ##7, 10.)

In the instant motion, plaintiff similarly argues that the state trial court lacked jurisdiction to enter its order against

---

[1] Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

plaintiff in the underlying eviction lawsuit. (Doc. #13, p. 4.) Plaintiff reasons that the state trial court's order was "moot, void, and unenforceable" because it applied to an expired lease agreement. (Id. p. 1.) Plaintiff thus requests that the Court issue a temporary restraining order permitting plaintiff "to resume her right to possession under the new lease . . . ." (Id. p. 4.)

**II.**

To be entitled to a temporary restraining order, a movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005)(citation omitted). Like the previous motions seeking a temporary restraining order, plaintiff has entirely failed to address whether, and why, she is substantially likely to succeed on the merits. This deficiency thus warrants denial of plaintiff's request for a temporary restraining order. See Pittman v. Cole, 267 F.3d 1269, 1292 (11th Cir. 2001)("[W]hen a plaintiff fails to establish a substantial likelihood of success on the merits, a court does not need to even consider the remaining three prerequisites of a preliminary injunction [or temporary

restraining order]." (citations omitted)). Plaintiff has also failed to set forth a new basis for her entitlement to a temporary restraining order, as she simply reargues the same points made in her previously denied motions.

In addition, as the Court noted in its previous Opinion and Order, the Court is aware of no legal basis – and plaintiff cites to none – establishing that the Court has the authority to preclude enforcement of the state trial court's order under these circumstances. To the extent plaintiff requests the Court to reverse the state trial court's ruling, the Court lacks subject matter jurisdiction to review the state court's findings under the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)(Under the Rooker-Feldman doctrine, a district court "cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court."). Plaintiff's request for a temporary restraining order is therefore denied.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Third Application for Temporary Restraining Order (Doc. #13) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___28th___ day of February, 2020.

```
                              _____
                              JOHN E. STEELE
                              SENIOR UNITED STATES DISTRICT JUDGE
```

Copies:
Parties and Counsel of Record